Poudel v. Garland

BIA
Verrillo, IJ
A205 811 487

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

PRESENT:
>  JON O. NEWMAN,
>  DENNIS JACOBS,
>  ROSEMARY S. POOLER,
>  *Circuit Judges.*

———————————————————————————

KISHOR KUMAR POUDEL, AKA ANIL POUDEL, AKA ANIL PAUDEL,
>  *Petitioner,*

>  v.                                                    16-948
>                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

———————————————————————————

| | |
|---|---|
| **FOR PETITIONER:** | Dilli Raj Bhatta, Esq., Bhatta Law & Associates, New York, NY. |
| **FOR RESPONDENT:** | Ethan P. Davis, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United |

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kishor Kumar Poudel, a native and citizen of Nepal, seeks review of a March 3, 3016, decision of the BIA affirming an August 14, 2014, decision of an Immigration Judge ("IJ") denying Poudel's application for asylum. *In re Kishor Kumar Poudel,* No. A205 811 487 (B.I.A. Mar. 3, 2016), *aff'g* No. A205 811 487 (Immig. Ct. Hartford Aug. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010). An applicant for asylum "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C.

2

§ 1158(b)(1)(B)(i). "[A]sylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted).

The agency did not err in concluding that Poudel failed to establish that his political opinion was a central reason that Maoists targeted him. To demonstrate that persecution or a well-founded fear of persecution is on account of an applicant's political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's* political belief," rather than from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added).

Poudel repeatedly testified that Maoists targeted him because they wanted to recruit him to increase their ranks given his extensive network and because he refused to give them money they had demanded. He mentioned his own political affiliation only once when discussing why Maoists had targeted his brother; but, even then, he did not state that

3

Maoists were motivated by his political opinion rather than in recruiting members from another party and he again stated that they were motivated to obtain money. "[T]he mere existence of a generalized 'political' motive underlying . . . recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [an applicant] fears persecution *on account of* political opinion" *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (emphasis in original), and "harm motivated purely by wealth is not persecution," *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007). Accordingly, the agency did not err in finding that Poudel failed to establish a nexus to a protected ground as required for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Yueqing Zhang*, 426 F.3d at 545.

Because the nexus finding was dispositive of asylum, we do not reach the agency's alternative bases for denying asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We lack jurisdiction to review the IJ's denial of withholding of

4

removal and CAT protection because Poudel did not raise those forms of relief on appeal to the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

Finally, we conclude that the BIA did not abuse its discretion in declining to consider the additional evidence Poudel submitted for the first time on appeal. The BIA is an appellate body that may not consider such evidence outside the context of a motion to remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (2021); *Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as an appellate body, the BIA may decline to review evidence proffered for the first time on appeal); *see also De La Rosa v. Holder*, 598 F.3d 103, 108 n.2 (2d Cir. 2010) (noting that it is improper for the BIA to consider new evidence on appeal).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5